UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

| | |
|---|---|
| THE UNITED STATES OF AMERICA *ex rel.* KENNETH KARLIN, | Index No. 08 Civ. 7826 (JGK) |
| Plaintiff, | DEFENDANTS' MEMORANDUM OF LAW IN OPPOSITION TO RELATOR'S |
| -against- | MOTION FOR ATTORNEYS' FEES, COSTS AND EXPENSES |
| NOBLE JEWELRY HOLDINGS LIMITED, DAVID G. LLC formerly known as CHAD ALLISON DESIGNS, LLC, CHAD ALLISON CORPORATION, NOBLE JEWELRY LIMITED and JOHN DOES 1-100, | |
| Defendants. | |

---

## DEFENDANTS' MEMORANDUM OF LAW IN OPPOSITION TO RELATOR'S MOTION FOR ATTORNEYS' FEES, COSTS AND EXPENSES

---

OLSHAN GRUNDMAN FROME
ROSENZWEIG & WOLOSKY LLP
*Attorneys for Defendants*
Park Avenue Tower
65 East 55th Street
New York, New York 10022
(212) 451-2300

1417477-2

Table of Contents

Page

Background ...........................................................................................................................................1

Argument ..............................................................................................................................................3

I        THE FEE APPLICATION FAILS BECAUSE IT IS NOT SUPPORTED
BY THE REQUIRED RECORDS ..........................................................................................4

II      THE HOURS EXPENDED BY RELATOR'S COUNSEL ARE
EXCESSIVE AND SHOULD BE REDUCED ........................................................................6

        A.     The Alleged Time Spent Is Excessive for the Work-Product
Generated .....................................................................................................................7

        B.     Counsel Should Not Be Reimbursed for Time Spent Drafting
Legal Memoranda for the Government During the Seal Period .................8

        C.     Counsel Should Not Be Reimbursed for Time Spent Negotiating
With the Government.................................................................................................10

III     THE HOURLY RATES SOUGHT BY RELATOR'S COUNSEL ARE
EXCESSIVE.........................................................................................................................11

        A.     Counsel of Comparable Skill, Experience and Reputation in the
Same Practice Area are Compensated at a Lower Rate.............................12

        B.     The Size of Law Firm Warrants a Lesser Hourly Rate..............................15

        C.     The Hourly Rate Should be Based on the Level of Experience over
the Course of the Litigation, Not the Current Rate....................................17

IV     RELATOR'S COUNSEL IS NOT ENTITLED TO EXPENSES
RELATED TO COMPUTER RESEARCH FEES.................................................18

Conclusion ........................................................................................................................................19

i

Table of Authorities

Page

CASES

*Algie v. RCA Global Communications, Inc.,*
891 F. Supp. 875 (S.D.N.Y. 1994), *aff'd*, 60 F.3d 956 (2d Cir. 1995) ..............................15, 16

*Arbor Hill Concerned Citizens Neighborhood Ass'n v. County of Albany & Albany
County Bd. of Elections,*
522 F.3d 182 (2d Cir. 2008).......................................................................................... passim

*Ass'n of Holocaust Victims for Restitution of Artwork & Masterpieces v. Bank Austria
Creditanstalt AG,*
04 CIV. 3600 (SWK), 2005 WL 3099592 (S.D.N.Y. Nov. 17, 2005) ....................................15

*Auscape Int'l v. Nat'l Geographic Soc.,*
No. 02 Civ. 6441 LAKHBP, 2003 WL 21976400 (S.D.N.Y. Aug. 19, 2003) ........................15

*Barrera v. Brooklyn Music, Ltd.,*
346 F. Supp. 2d 400 (S.D.N.Y. 2004)......................................................................................4

*BD v. DeBuono,*
177 F. Supp. 2d 201 (S.D.N.Y. 2001).............................................................................18, 19

*Bick v. City of New York,*
95CIV.8781(KMW)(MHD), 1998 WL 190283 (S.D.N.Y. Apr. 21, 1998).............................16

*Blum v. Stenson,*
465 U.S. 886, 104 S. Ct. 1541, 79 L. Ed. 2d 891 (1984).........................................................12

*Cabrera v. Fischler,*
814 F. Supp. 269 (E.D.N.Y. 1993), *aff'd in relevant part sub nom.*, *Cabrera v.
Jakabovitz*, 24 F.3d 372 (2d Cir. 1994) ..................................................................................6

*Chambless v. Masters, Mates & Pilots Pension Plan,*
885 F.2d 1053 (2d Cir. 1989).....................................................................................11, 12, 15

*Cruz v. Local Union No. 3 of Int'l Broth. of Elec. Workers*,
34 F.3d 1148 (2d Cir. 1994)......................................................................................................4

*Farbotko v. Clinton County of New York,*
433 F.3d 204 (2d Cir. 2005)..........................................................................................12, 14

*Gen. Elec. Co. v. Compagnie Euralair, S.A.,*
96 CIV. 0884 (SAS), 1997 WL 397627 (S.D.N.Y. July 3, 1997) .......................................3, 11

Table of Authorities
(continued)

Page

*Gierlinger v. Gleason,*
   160 F.3d 858 (2d Cir. 1998)........................................................................................6

*Gonzalez v. Bratton,*
   147 F. Supp. 2d 180 (S.D.N.Y. 2001)..........................................................................5

*Heng Chan v. Sung Yue Tung Corp.,*
   No. 03 Civ. 6048 (GEL), 2007 WL 1373118 (S.D.N.Y. May 8, 2007) ............................14, 15

*Hensley v. Eckerhart,*
   461 U.S. 424, 103 S. Ct. 1933, 76 L. Ed. 2d 40 (1983).......................................................3, 6, 7

*Kahlil v. Original Old Homestead Rest., Inc.,*
   657 F. Supp. 2d 470 (S.D.N.Y. 2009).............................................................................16, 17

*Kerin v. U.S. Postal Serv.,*
   218 F.3d 185 (2d Cir. 2000).........................................................................................9

*Kirsch v. Fleet St., Ltd.,*
   148 F.3d 149 (2d Cir. 1998).......................................................................................5, 7

*Kuper v. Empire Blue Cross & Blue Shield,*
   99 CIV. 1190JSGMHD, 2003 WL 23350111 (S.D.N.Y. Dec. 18, 2003), *report and
   recommendation adopted,* 99-CV-1190, 2004 WL 97685 (S.D.N.Y. Jan. 20, 2004) .............17

*Local 32B-32J, Serv. Employees Int'l Union, AFL-CIO v. Port Auth. of New York & New
   Jersey,*
   180 F.R.D. 251 (S.D.N.Y. 1998) ................................................................................5

*Luciano v. Olsten,*
   109 F.3d 111 (2d Cir. 1997)........................................................................................12

*Lunday v. City of Albany,*
   42 F.3d 131 (2d Cir. 1994)..........................................................................................6

*LV v. New York City Dept. of Educ.*
   700 F. Supp. 2d 510 (S.D.N.Y. 2010)...........................................................................4, 13

*Malletier v. Dooney & Bourke, Inc.,*
   04 CIV. 5316 RMBMHD, 2007 WL 1284013 (S.D.N.Y. Apr. 24, 2007) ............................13

*Marisol A. ex rel. Forbes v. Giuliani,*
   111 F. Supp. 2d 381 (S.D.N.Y. 2000)..........................................................................17

iii

Table of Authorities
(continued)

Page

*Mautner v. Hirsch,*
831 F. Supp. 1058 (S.D.N.Y. 1993), *aff'd in part, rev'd in part on other grounds,* 32
F.3d 37 (2d Cir. 1994)............................................................................................................5

*McDonald ex rel. Pendergast v. Pension plan of the NYSA-ILA Pension,*
450 F.3d 91 (2d Cir. 2006)...................................................................................................15

*Monaghan v. SZS 33 Associates, L.P.,*
154 F.R.D. 78 (S.D.N.Y. 1994) ..............................................................................................4

*Murray ex rel. Murray v. Mills,*
354 F. Supp. 2d 231 (E.D.N.Y. 2005) ..................................................................................16

*New York State Ass'n for Retarded Children, Inc. v. Carey,*
711 F.2d 1136 (2d Cir. 1983)..............................................................................................4, 7

*New York State Nat. Org. for Women v. Terry,*
94 F. Supp. 2d 465 (S.D.N.Y. 2000)....................................................................................17

*OZ Mgmt. LP v. Ozdeal Inv. Consultants, Inc.,*
09 CIV 8665 JGK FM, 2010 WL 5538552 (S.D.N.Y. Dec. 6, 2010), *report and
recommendation adopted,* 09 CIV 8665 JGK, 2011 WL 43459 (S.D.N.Y. Jan. 5,
2011) ......................................................................................................................................13

*Pennsylvania v. Delaware Valley Citizens' Council for Clean Air,*
478 U.S. 546, 106 S. Ct. 3088, 92 L. Ed. 2d 439 (1986), *supplemented,* 483 U.S. 711,
107 S. Ct. 3078, 97 L. Ed. 2d 585 (1987)...............................................................................3

*Pugach v. M & T Mortg. Corp.,*
564 F. Supp. 2d 153 (E.D.N.Y. 2008) ..................................................................................14

*Ragin v. Harry Macklowe Real Estate Co.,*
870 F.Supp. 510 (S.D.N.Y. 1994) ..........................................................................................5

*Rozell v. Ross-Holst,*
576 F. Supp. 2d 527 (S.D.N.Y. 2008)...................................................................................13

*Serin v. N. Leasing Sys., Inc.,*
7:06-CV-1625, 2011 WL 1467560 (S.D.N.Y. Apr. 19, 2011) ..............................................14

*Shannon v. Fireman's Fund Ins. Co.,*
156 F. Supp. 2d 279 (S.D.N.Y. 2001).....................................................................................5

*Simmonds v. New York City Dept. of Corr.,*
06 CIV. 5298 (NRB), 2008 WL 4303474 (S.D.N.Y. Sept. 16, 2008).....................................15

1417477-2

Table of Authorities
(continued)

Page

*Soler v. G & U, Inc.,*
658 F. Supp. 1093 (S.D.N.Y. 1987)..........................................................................................6

*Swiss Skies AG v. Air Luxor, S.A.,*
04 CIV. 9972 RJS KNF, 2010 WL 3219295 (S.D.N.Y. Aug. 13, 2010) ................................18

*Tlacoapa v. Carregal,*
386 F. Supp. 2d 362 (S.D.N.Y. 2005)......................................................................................16

*U.S. ex rel. ATC Distribution Group, Inc. v. Ready-Built Transmissions, Inc.,*
03 CIV2150GWG, 2007 WL 2522638 (S.D.N.Y. Sept. 7, 2007) .......................................7, 14

*U.S. ex rel. Coughlin v. Int'l Bus. Machines Corp.,*
992 F. Supp. 137 (N.D.N.Y. 1998)............................................................................................7

*U.S. ex rel. Feldman v. Van Gorp,*
03 CIV. 8135 WHP, 2011 WL 651829 (S.D.N.Y. Feb. 9, 2011) ............................................14

*U.S. ex rel. Miller v. Bill Harbert Int'l Const. Inc.,*
601 F. Supp. 2d 45 (D.D.C. 2009), *amended in part, vacated in part on other grounds
sub nom., U.S. ex rel. Miller v. Bill Harbert Int'l Const., Inc.,* 95-CV-1231 RCL,
2011 WL 1833243 (D.D.C. May 12, 2011)..............................................................................7, 8

*U.S. ex rel. Poulton v. Anesthesia Associates of Burlington, Inc.,*
87 F. Supp. 2d 351 (D. Vt. 2000)............................................................................................11

*U.S. ex rel. Sarmont v. Target Corp.,*
02 C 0815, 2003 WL 22389119 (N.D. Ill. Oct. 20, 2003)........................................................9

*U.S. ex rel. Taxpayers Against Fraud v. Gen. Elec. Co.,*
41 F.3d 1032 (6th Cir. 1994) ..................................................................................................11

*U.S. ex rel. Thompson v. Walgreen Co.,*
621 F. Supp. 2d 710 (D. Minn. 2009)......................................................................................11

*U.S. Football League v. Nat. Football League,*
887 F.2d 408 (2d Cir. 1989)......................................................................................................5

*U.S. for Use & Benefit of Evergreen Pipeline Const. Co., Inc. v. Merritt Meridian Const.
Corp.,*
95 F.3d 153 (2d Cir. 1996)......................................................................................................18

*Velez v. Novartis Pharmaceuticals Corp.,*
04 CIV 09194 CM, 2010 WL 4877852 (S.D.N.Y. Nov. 30, 2010).........................................13

v

Table of Authorities
(continued)

Page

*Wilder v. Bernstein*,
  975 F. Supp. 276 (S.D.N.Y. 1997) ............................................................................5

*Williams v. City of New York*,
  728 F. Supp. 1067 (S.D.N.Y. 1990).........................................................................16

STATUTES

31 U.S.C. §§ 3729-33 ....................................................................................................1

31 U.S.C. § 3730(a) .......................................................................................................8

31 U.S.C. § 3730(b)(2) ...............................................................................................2, 8

31 U.S.C. § 3730(b)(4)(A).............................................................................................2

31 U.S.C. § 3730(d) ..............................................................................................2, 3, 10

31 U.S.C. § 3730(d)(1) .............................................................................................9, 10

OTHER AUTHORITIES

S. Rep. No. 99-345 (1986), *as reprinted in* 1986 U.S.C.C.A.N. 5266 ........................8, 9

1417477-2

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| THE UNITED STATES OF AMERICA *ex rel.* KENNETH KARLIN, | Index No. 08 Civ. 7826 (JGK) |
| Plaintiff, | DEFENDANTS' MEMORANDUM OF LAW IN OPPOSITION TO RELATOR'S |
| -against- | MOTION FOR ATTORNEYS' FEES, COSTS AND EXPENSES |
| NOBLE JEWELRY HOLDINGS LIMITED, DAVID G. LLC formerly known as CHAD ALLISON DESIGNS, LLC, CHAD ALLISON CORPORATION, NOBLE JEWELRY LIMITED and JOHN DOES 1-100, | |
| Defendants. | |

## DEFENDANTS' MEMORANDUM OF LAW IN OPPOSITION TO RELATOR'S MOTION FOR ATTORNEYS' FEES, COSTS AND EXPENSES

Defendants Noble Jewelry Holdings Limited, Chad Allison Corporation and Noble

Jewelry Limited (collectively, "Defendants" or "Noble Jewelry"), by their attorneys, respectfully

submit this memorandum of law in opposition to the Motion for Attorneys' Fees, Costs and

Expenses filed by Relator Kenneth Karlin ("Relator"). As discussed more fully below, the fees

awarded Relator should be substantially reduced from those requested because the Relator has

not supplied the necessary documentation to support his claim, the number of hours purportedly

expended are excessive, the hourly rates sought are excessive, and Relator seeks to recover

impermissible expenses.

### Background

This case arises under the False Claims Act ("FCA"). *See* 31 U.S.C. §§ 3729-33. The

FCA allows the United States to seek damages and civil penalties against any person who

knowingly presents a false or fraudulent claim for payment to the federal government. The FCA

also allows private citizens, known as relators, to bring an action on behalf of the Government, and to share a percentage of the Government's eventual recovery. To commence such a case, known as a *qui tam* action, the relator must file a complaint under seal with the court and serve a copy of the complaint, along with a "written disclosure of substantially all material evidence and information the person possesses," on the Government. 31 U.S.C. § 3730(b)(2). The complaint remains under seal for sixty days, during which the Government must evaluate whether the suit warrants its intervention. *Id.* Where, as here, the Government decides to intervene, it must handle the matter through its resolution. *Id.* at § 3730(b)(4)(A) ("Before the expiration of the 60-day period ..., the Government shall proceed with the action, in which case the action shall be conducted by the Government").

The amount awarded to a relator under the FCA depends upon the extent to which he or she "substantially contributed" to the prosecution of the action. *Id.* at § 3730(d). In a case where the Government intervenes, the minimum award to a relator will be 15% of the Government's recovery; if the relator makes a substantial contribution to the prosecution of the case, he or she may receive up to an additional 10% of the recovery. *Id.*

The Relator commenced this *qui tam* action on September 3, 2008, alleging that the Defendants were engaged in a scheme to understate the value of jewelry imported into the United States, and thereby lessen the customs duties owed on such imports. (Relator Compl. ¶¶ 1-2). The Government filed an intervening complaint simultaneously with a stipulation of settlement and dismissal entered into among the Government, the Defendants and the Relator, so-ordered by this Court on August 24, 2011. There was no motion practice, there were no hearings or depositions, and there was no trial. The settlement negotiations were conducted between the government and the Defendants, without any involvement by Relator or his counsel.

1417477-2

Under the settlement agreement with the Government, Noble Jewelry accepted responsibility for under-reporting the value of imported merchandise. (Stipulation and Order of Settlement and Dismissal (Docket # 19) ¶ 2). The Relator received approximately 18% of the government's recovery, above the minimum 15% share, and conceded that the settlement was fair, adequate and reasonable. (Stipulation and Order of Settlement and Release (Docket # 18) ¶¶ 1, 3).

Pursuant to 31 U.S.C. § 3730(d), the Defendants are obligated to pay the reasonable expenses and fees of Relator's counsel as determined by agreement or by the Court. In his Motion for Attorneys' Fees, Costs and Expenses, the Relator claims to have incurred over $340,000.00 in legal fees and expenses. This request is excessive, and should be substantially reduced.

Argument

The "most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate. This calculation provides an objective basis on which to make an initial estimate." *Arbor Hill Concerned Citizens Neighborhood Ass'n v. County of Albany & Albany County Bd. of Elections*, 522 F.3d 182, 186 (2d Cir. 2008) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 433, 103 S. Ct. 1933, 1939, 76 L. Ed. 2d 40 (1983)). This determination is "not designed as a form of economic relief to improve the financial lot of attorneys, nor ... intended to replicate exactly the fee an attorney could earn through a private fee arrangement with his client." *Pennsylvania v. Delaware Valley Citizens' Council for Clean Air*, 478 U.S. 546, 565, 106 S. Ct. 3088, 3098, 92 L. Ed. 2d 439 (1986), *supplemented,* 483 U.S. 711, 107 S. Ct. 3078, 97 L. Ed. 2d 585 (1987).

As the fee applicant, Relator "bears the burden of documenting the hours reasonably spent by counsel, and the reasonableness of the hourly rates claimed." *Gen. Elec. Co. v. Compagnie Euralair, S.A.*, 96 CIV. 0884 (SAS), 1997 WL 397627 at *4 (S.D.N.Y. July 3, 1997).

3

Documenting the hours reasonably spent by counsel requires presenting "records from which the court may determine the nature of the work done, the need for it, and the amount of time reasonably required." *Monaghan v. SZS 33 Associates, L.P.*, 154 F.R.D. 78, 83-84 (S.D.N.Y. 1994). The district court has "considerable discretion" in determining a reasonable fee. *Arbor Hill Concerned Citizens*, 522 F.3d at 190.

I

### THE FEE APPLICATION FAILS BECAUSE IT IS
### NOT SUPPORTED BY THE REQUIRED RECORDS

The Court must be able to conduct a meaningful review of the Relator's bills if it is to determine the reasonableness of the work purportedly done. The party seeking fees bears the burden of providing documentation establishing the reasonableness of the number of hours claimed. *Cruz v. Local Union No. 3 of Int'l Broth. of Elec. Workers*, 34 F.3d 1148, 1160 (2d Cir. 1994). A "reasonable" number of hours is defined as the hours actually expended less "excessive, redundant, or otherwise unnecessary time." *LV v. New York City Dept. of Educ.*, 700 F. Supp. 2d 510, 524 (S.D.N.Y. 2010). "The burden is on counsel to keep and present records from which the court may determine the nature of the work done, the need for it, and the amount of time reasonably required; where adequate contemporaneous records have not been kept the court should not award the full amount requested." *Monaghan*, 154 F.R.D. at 83-84. Counsel must thus present records specifying "for each attorney, the date, the hours expended, and the nature of the work done." *New York State Ass'n for Retarded Children, Inc. v. Carey,* 711 F.2d 1136, 1148 (2d Cir. 1983). "Attorney's fee applications that do not contain such supporting data 'should normally be disallowed.'" *Barrera v. Brooklyn Music, Ltd.,* 346 F. Supp. 2d 400, 412 (S.D.N.Y. 2004) (quoting *New York State Ass'n for Retarded Children, Inc.,* 711 F.2d at 1154).

4

The time entries submitted to the Court should also be separated into distinct line items.

Failure to do so results in "block billing" and vague time recording that lacks the required

specificity. Fee applicants are instructed not to:

> lump several services or tasks into one time sheet entry because it
> is then difficult if not impossible for a court to determine the
> reasonableness of the time spent on each of the individual services
> or tasks provided. . . . It is not the court's job to decipher time
> entries and guess how much time each activity took . . . it is the
> responsibility of the applicant to make separate time entries for
> each activity.

*Wilder v. Bernstein*, 975 F. Supp. 276, 286 (S.D.N.Y. 1997). If "the time records submitted in

support of a fee application lack sufficient specificity for the Court to assess the reasonableness

of the amount charged in relation to the work performed, the Court is justified in reducing the

hours claimed for those entries." *Mautner v. Hirsch*, 831 F. Supp. 1058, 1077 (S.D.N.Y. 1993),

*aff'd in part, rev'd in part on other grounds,* 32 F.3d 37 (2d Cir. 1994).

The Second Circuit and this Court have made substantial reductions in the number of

hours for which attorneys are compensated, due to vague time recordings and lack of specificity.

Courts have reduced or completely eliminated billing requests when the descriptions are too

vague to determine the reasonableness of the time allegedly billed. *See, e.g., Kirsch v. Fleet St.,*

*Ltd.*, 148 F.3d 149, 172 (2d Cir. 1998) (upholding reduction of 20%); *U.S. Football League v.*

*Nat. Football League*, 887 F.2d 408, 415 (2d Cir. 1989) (30% reduction due to vague entries);

*Shannon v. Fireman's Fund Ins. Co.*, 156 F. Supp. 2d 279, 301-02 (S.D.N.Y. 2001) (35% across-

the-board reduction where vague entries combined with excessive billing); *Gonzalez v. Bratton*,

147 F. Supp. 2d 180, 213 (S.D.N.Y. 2001) (reducing fees 12%); *Local 32B-32J, Serv. Employees*

*Int'l Union, AFL-CIO v. Port Auth. of New York & New Jersey*, 180 F.R.D. 251, 253 (S.D.N.Y.

1998) (reducing fees by 20%); *Wilder*, 975 F. Supp. at 286 (reducing fees by 10%); *Ragin v.*

*Harry Macklowe Real Estate Co.*, 870 F.Supp. 510, 520 (S.D.N.Y. 1994) (reducing lodestar by

5

30% due in part to vague time entries); *Soler v. G & U, Inc.*, 658 F. Supp. 1093, 1099 (S.D.N.Y. 1987) (15% overall deduction of hours claimed); *Cabrera v. Fischler*, 814 F. Supp. 269, 290 (E.D.N.Y. 1993) (30% reduction for vague entries containing insufficient description of work performed and necessity for such work), *aff'd in relevant part sub nom.*, *Cabrera v. Jakabovitz*, 24 F.3d 372 (2d Cir. 1994).

Here, the documentation provided in Relator's Motion is patently deficient. Relator fails to include any records specifying any dates, hours expended, or details of work purportedly done by any individual lawyers. (*See* Declaration of Mark A. Strauss ("Strauss Dec.") ¶ 6, Ex. A). Instead, Relator's self-described "detailed summary indicating the amount of time spent by each attorney" only lists the total number of hours billed by each attorney *for the entire matter* and fails to provide *any* of the supporting documentation required by this Court. *See Id*. As this fails to satisfy the pleading requirements in this Circuit, Defendants respectfully request that Relator's Motion be denied, or alternatively, that the award of attorneys' fees be substantially reduced.

II

## THE HOURS EXPENDED BY RELATOR'S COUNSEL
## ARE EXCESSIVE AND SHOULD BE REDUCED

The award sought by Relator should be substantially reduced in any event because the hours claimed are excessive and unnecessary and some of the work is simply not compensable under the False Claims Act. This Court is tasked with "making a conscientious and detailed inquiry into the validity of the representations that a certain number of hours were usefully and reasonably expended." *Lunday v. City of Albany*, 42 F.3d 131, 134 (2d Cir. 1994). "If the court determines that certain claimed hours are 'excessive, redundant, or otherwise unnecessary,' the court should exclude those hours in its calculation" of a reasonable fee. *Gierlinger v. Gleason*, 160 F.3d 858, 876 (2d Cir. 1998) (quoting *Hensley v. Eckerhart,* 461 U.S. at 434, 103 S.Ct.

6

1933). In exercising its discretion, the court may "deduct a reasonable percentage of the number

of hours claimed 'as a practical means of trimming fat from a fee application.'" *Kirsch*, 148 F.3d

at 173 (quoting *New York Association for Retarded Children*, 711 F.2d at 1146).

As discussed above, it is impossible to truly analyze whether a specific number of hours

billed are excessive, redundant, or otherwise unnecessary without reviewing contemporaneous

time records that the Relator has failed to include in his fee application. However, as discussed

below, certain categories of fees the Relator seeks in his petition are not compensable under the

statute and warrant a substantial reduction in any fee award.

A.     The Alleged Time Spent Is Excessive for the Work-Product Generated

Relator's counsel claims to have spent over 750 hours, and seeks over $340,000.00 in

fees, for bringing a relatively simple, straightforward and ultimately uncontested claim. In

concrete terms, counsel seeks compensation primarily for drafting a 12-page complaint and

compiling supporting documentation for a disclosure statement. This is not a case in which there

was extensive litigation as to the validity of Relator's claim, nor any contested discovery or trial.

In fact, there was no motion practice whatsoever and not even a single court hearing. Allegedly

expending over 750 hours and incurring more than $340,000.00 in fees on this case is excessive,

and Noble Jewelry respectfully requests any fee award be reduced to more accurately reflect the

simplicity of this action. *Cf.*, *e.g.*, *U.S. ex rel. ATC Distribution Group, Inc. v. Ready-Built*

*Transmissions, Inc.*, 03 CIV2150GWG, 2007 WL 2522638 at *8 (S.D.N.Y. Sept. 7, 2007)

(awarding $97,627.03 for bringing FCA claim); *U.S. ex rel. Miller v. Bill Harbert Int'l Const.*

*Inc.*, 601 F. Supp. 2d 45, 53-54 (D.D.C. 2009) ("Because of the astronomical amount billed for

the amount of work produced [and] the attorneys' staffing inefficiencies . . . , the Court feels that

a five percent reduction" is warranted), *amended in part, vacated in part on other grounds sub*

*nom., U.S. ex rel. Miller v. Bill Harbert Int'l Const., Inc.*, 95-CV-1231 RCL, 2011 WL 1833243

7

(D.D.C. May 12, 2011); *U.S. ex rel. Coughlin v. Int'l Bus. Machines Corp.*, 992 F. Supp. 137,
146 (N.D.N.Y. 1998) (in FCA claim, awarding $107,008.95 to three laws firm "in light of the
complex nature of the case").

      B.      Counsel Should Not Be Reimbursed for Time Spent Drafting
              Legal Memoranda for the Government During the Seal Period

      Nor is Relator permitted to recover fees for "legal research and the preparation of an
extensive legal memorandum ... at the request of and for the Government" during the seal
period. (Strauss Dec., ¶ 4).

      A relator may carry on such investigations as it deems appropriate, but not all of the fees,
costs and expenses of such investigations are recoverable. In 1986, the FCA was amended to
add the "seal period" during which the Government shall determine whether it chooses "to
intervene and proceed with the action." 31 U.S.C. § 3730(b)(2). The legislative history makes
clear that prior to 1986, the expectation was that the relator, "knowing of government fraud
[would] bring that information forward." S. Rep. No. 99-345 (1986), *as reprinted in* 1986
U.S.C.C.A.N. 5266, 5266. The relator is certainly entitled to fees, costs and expenses incurred in
"bring[ing] that information forward." But thereafter, the FCA imposes the duty to investigate
FCA violations on the Attorney General. 31 U.S.C. § 3730(a). The mechanism of the seal
period was created in the 1986 Amendments in contemplation of the Government, not the relator,
conducting an investigation.

      The legislative history makes clear that the onus of the investigation is on the
Government, not Relator, during the seal period. The seal period was added: (1) to maximize the
government's ability to investigate the allegations in the complaint by keeping them from public
view, and (2) to avoid compromising a pending criminal investigation. *See* S. Rep. No. 99-345,
at 5289. Thus, the Senate Report states: "Keeping the qui tam complaint under seal for the

initial 60-day period is intended to allow the Government an adequate opportunity to fully evaluate the private enforcement suit and determine both if that suit involves matters the Government is already investigating and whether it is in the Government's interest to intervene and take over the civil action." *Id.* The Report later mentions that creating the 60-day seal period furnishes the "Government an opportunity to study and evaluate the information" provided by the relator. *Id.* The period is not one in which the relator is to be doing legal research. As one court stated:

> The *qui tam* provisions of the FCA contemplate the following scenario: a relator files a complaint under seal and serves that complaint and a disclosure statement on the DOJ. The relator is then obligated to remain idle pending resolution of the government's investigation and decision whether to intervene. The relator takes over only upon the government's decision not to intervene and the court's lifting of the seal.

*U.S. ex rel. Sarmont v. Target Corp.*, 02 C 0815, 2003 WL 22389119 at *4 (N.D. Ill. Oct. 20, 2003) (internal citations omitted).

To be sure, a relator may substantially assist the Government's investigation by providing factual support for the Government's eventual claim: giving interviews or testimony, providing evidence and generally educating the Government on the facts and issues relevant to the case. Yet the relator possesses no unique ability to assist the Government with *legal research*. The Government, specifically the Department of Justice, is more than adequately equipped to conduct its own legal research and the seal period was not designed to encourage the Government to outsource its legal research to the relator. Indeed, once the complaint has been filed, the Government remains financially responsible for the entirety of the investigation, and the costs of the Government's investigation are not to be borne by the defendant. To the contrary, the FCA allows only for certain of relator's fees, costs and expenses to be shouldered by the defendant. *See* 31 U.S.C. § 3730(d)(1) (relator entitled to "expenses which the court finds to have been

9

necessarily incurred, plus reasonable attorney's fees"). In these circumstances, the American

Rule regarding attorneys' fees should govern, and the attorneys' fees should not be shifted to the

defendant. *See Kerin v. U.S. Postal Serv.*, 218 F.3d 185, 190 (2d Cir. 2000) (discussing

application of "the traditional American rule that each party will ordinarily bear its own fees and

costs" to the Government).

Moreover, a relator's recompense for assistance provided by its counsel to the

Government is to obtain from the Government an increase in its fractional share of the ultimate

settlement proceeds. 31 U.S.C. § 3730(d)(1). If the relator were able to recover both a higher

percentage of the settlement proceeds for assisting the Government, and the costs incurred in

performing legal and investigative work on behalf of the Government, he effectively would be

awarded a double recovery. The FCA does not contemplate such a windfall for the relator for

work done during the seal period.

In sum, as the seal period was created to enable the Government, not the relator, to

investigate any FCA violations after relator has filed his complaint, this Relator's drafting of an

"extensive legal memorandum" at the behest of the Government during the seal period is not an

expense that is "necessarily incurred" within the meaning of the FCA, and therefore is not to be

charged against the Defendants.

C.     Counsel Should Not Be Reimbursed for
       Time Spent Negotiating With the Government

Relator's counsel seeks fees for "Conferring with the Government in connection with the

negotiation of the settlement and the terms of the settlement papers." (Strauss Dec. ¶ 4).

However, nothing in the language of the FCA supports charging a *qui tam* defendant for fees

incurred by a relator for negotiating the amount of the relator's share with the Government. *See*

31 U.S.C. § 3730(d). These charges have been disallowed where, as here, the defendants had no

10

right to participate in relator's collateral share negotiations between the relator and the Government, and there was nothing to suggest that the defendants prolonged the process or could have hastened its conclusion. *See U.S. ex rel. Taxpayers Against Fraud v. Gen. Elec. Co.*, 41 F.3d 1032, 1045-46 (6th Cir. 1994); (because *qui tam* defendant "had no legal standing or right to participate in [collateral] proceedings," defendant was not required to pay fees incurred by plaintiff during proceedings between whistleblower and government); *U.S. ex rel. Poulton v. Anesthesia Associates of Burlington, Inc.*, 87 F. Supp. 2d 351, 358 (D. Vt. 2000) (disallowing fees for time spent negotiating relator's share); *U.S. ex rel. Thompson v. Walgreen Co.*, 621 F. Supp. 2d 710, 727 (D. Minn. 2009) (declining to award fees because "defendant had no right to participate in the relator's share negotiations between the relator and the government and nothing suggested that the defendant prolonged that process or could have hastened it").

As in *Taxpayers Against Fraud*, *Poulton* and *Walgreen Co.*, Noble Jewelry did not participate in the fee negotiation between the Relator and the Government. Accordingly, Defendants are not responsible for any fees incurred by Relator in such negotiations.

### III

### THE HOURLY RATES SOUGHT BY RELATOR'S COUNSEL ARE EXCESSIVE

To determine the "presumptively reasonable fee," the Relator is required to establish the reasonableness of the hourly rates claimed. *Compagnie Euralair, S.A.*, 1997 WL 397627 at *4. A reasonable hourly rate is "the rate a paying client would be willing to pay," bearing in mind that "a reasonable, paying client wishes to spend the minimum necessary to litigate the case effectively." *Arbor Hill*, 522 F.3d at 190. In setting a reasonable hourly rate, the district court must "bear in mind *all* of the case-specific variables." *Id.* (emphasis in original).

The burden is on the plaintiff to establish an appropriate fee "with satisfactory evidence – in addition to the attorney's own affidavits." *Chambless v. Masters, Mates & Pilots Pension*

11

1417477-2

*Plan*, 885 F.2d 1053, 1058-09 (2d Cir. 1989) (citations omitted). If counsel fails to submit evidence of the rate prevailing in the community for attorneys "of reasonably comparable skill, experience and reputation," the court may look to decisional law for guidance. *See Luciano v. Olsten*, 109 F.3d 111, 115-6 (2d Cir. 1997) (surveying recent fee awards in the district where the suit was filed in order to ascertain appropriate rate). *See also Farbotko v. Clinton County of New York*, 433 F.3d 204, 209 (2d Cir. 2005) (district court may take "judicial notice of the rates awarded in prior cases" in order to determine reasonable hourly rate).

A.   Counsel of Comparable Skill, Experience and Reputation
     in the Same Practice Area are Compensated at a Lower Rate

Arguably the most important factor in determining the hourly rate a reasonable client would be willing to pay is the skill and experience in the particular practice area implicated in the litigation. As the Second Circuit has noted, "legal markets may be defined by practice area." *Arbor Hill*, 522 F.3d 182 at 192. Thus, counsel is only entitled to fees that are "in line with those prevailing in the community *for similar services by lawyers of reasonably comparable skill, experience and reputation*." *Chambless*, 885 F.2d 1053 at 1058-59 (quoting *Blum v. Stenson*, 465 U.S. 886, 895 n.11, 104 S. Ct. 1541, 79 L. Ed. 2d 891 (1984)) (emphasis in the original); *Farbotko*, 433 F.3d at 209 (district court may take "judicial notice of the rates awarded in prior cases" in order to determine a reasonable hourly rate).

Relator seeks fees ranging from $600 to $900 per hour for partners and $325 to $475[1] per hour for associates. While Relator's counsel claims that these are "well within the market rates for counsel of their experience and skill within this District," (Relator's Motion at 7), counsel ignores the requirement that such qualification and experience must be in the practice area

---

[1] Relator's Motion incorrectly states that "[t]he hourly rates sought with respect to the associates who worked on this matter are $375-$400." (Motion at 8). Relator's Motion seeks $475 per hour for the work of Beverly Tse Mirza, (Strauss Dec. Ex. A), who is listed in the firm's brief biography as an associate. (Strauss Dec., Ex. C at 22).

1417477-2

involved. Notably, Relator's counsel primarily responsible for this case profess no experience in bringing FCA claims. (*See* Relator's Motion at 7 ("Mr. Strauss … has litigated numerous complex and class action cases. . . . Mr. Burman is the head of his firm, which possesses a national reputation for class action litigation.")) A review of the biographies supplied by Relator's counsel confirms that with the exception of Messrs. Berger and Kovel, who only account for 25.0 of the 759.6 hours for which Relator seeks compensation, Relator's counsel lack experience, let alone expertise, with the issues implicated in an FCA case. (*See* Strauss Dec., Ex. C; Burman Dec., Ex. A).

The rates cited by Relator are similarly inapposite for purposes of determining a reasonable rate in the instant case, as none of the cases involved an FCA claim or counsel experienced in this practice area. *See LV*, 700 F. Supp. 2d 510 (an especially complex civil rights class action claim that took 5 years to settle); *Rozell v. Ross-Holst*, 576 F. Supp. 2d 527 (S.D.N.Y. 2008) ("highly contentious" sexual harassment and retaliation claim); *Malletier v. Dooney & Bourke, Inc.*, 04 CIV. 5316 RMBMHD, 2007 WL 1284013 (S.D.N.Y. Apr. 24, 2007) (intellectual property litigation represented by the "sophisticated" Cravath, Swaine & Moore); *OZ Mgmt. LP v. Ozdeal Inv. Consultants, Inc.*, 09 CIV 8665 JGK FM, 2010 WL 5538552 (S.D.N.Y. Dec. 6, 2010), (intellectual property claim), *report and recommendation adopted,* 09 CIV 8665 JGK, 2011 WL 43459 (S.D.N.Y. Jan. 5, 2011); *Velez v. Novartis Pharmaceuticals Corp.*, 04 CIV 09194 CM, 2010 WL 4877852 (S.D.N.Y. Nov. 30, 2010) (very complex class action gender discrimination case that took 7 years to settle). Not surprisingly, Relator's counsel have also not submitted any affidavits addressing the hourly rates charged by attorneys with comparable skill in FCA claims, which allows the Court to take judicial notice of the rates

13

1417477-2

awarded in prior FCA cases in order to determine a reasonable hourly rate. *Farbotko*, 433 F.3d at 209.

In the most recent FCA case decided in this District, a decision reached less than a year ago, Judge Pauley found that rates of $400-$495 per hour for partners and $250-$275 for associates were reasonable. *U.S. ex rel. Feldman v. Van Gorp*, 03 CIV. 8135 WHP, 2011 WL 651829 at *3 (S.D.N.Y. Feb. 9, 2011). In another similar FCA case, Magistrate Judge Gorenstein found that rates of $495-$525 for partners and $210- $370 for associates were reasonable for a small New York firm with a *qui tam* practice and "in line with those prevailing at the type of firms with which the attorneys were associated." *U.S. ex rel. ATC Distribution Group, Inc.*, 2007 WL 2522638 at *4. *See also Pugach v. M & T Mortg. Corp.*, 564 F. Supp. 2d 153, 157 (E.D.N.Y. 2008) (rejecting rates of $587 for partner and $267 for associate and awarding $250 for partner and $150 for associate when defending against a *qui tam* claim). As *Feldman* and *ATC Distribution Group* represent reasonable rates for bringing an FCA claim, the Court should take judicial notice of these decisions and reduce the fee awarded to Relator's counsel to a more reasonable $500 for partners and $300 for associates.

Indeed, even if the Court chooses to review fees awarded in non-FCA cases, the rates sought by Relator, while not unheard of, still vastly exceed those commonly awarded in this District, even those involving complex litigation and parties represented by large or specialty New York based law firms that commonly charge higher fees. *See, e.g., Serin v. N. Leasing Sys., Inc.*, 7:06-CV-1625, 2011 WL 1467560 *10 (S.D.N.Y. Apr. 19, 2011) (awarding $425/hr in a RICO case where "the Court does find that the requested rate of $600 per hour is somewhat excessive, even for an experienced attorney in Manhattan"); *Heng Chan v. Sung Yue Tung Corp.*, No. 03 Civ. 6048 (GEL), 2007 WL 1373118 at *3 (S.D.N.Y. May 8, 2007) (finding reasonable

rate for a partner at Skadden, Arps, Slate, Meagher and Flom LLP was $450 per hour); *Ass'n of Holocaust Victims for Restitution of Artwork & Masterpieces v. Bank Austria Creditanstalt AG*, 04 CIV. 3600 (SWK), 2005 WL 3099592 at *5 (S.D.N.Y. Nov. 17, 2005) (approving rates of $350 per hour for partners and $225 per hour for junior associates at Strook & Strook & Lavan for work in connection with dismissal of a $6.8 billion lawsuit); *Auscape Int'l v. Nat'l Geographic Soc.*, No. 02 Civ. 6441 LAKHBP, 2003 WL 21976400 at *5 (S.D.N.Y. Aug. 19, 2003) (approving rates ranging from $215 to $495 per hour for attorneys at Latham & Watkins LLP for purposes of a sanctions award).  Accordingly, this Court should award counsel fees at rates no greater than $500 for partners and $300 for associates.

## B.   The Size of Law Firm Warrants a Lesser Rate

Although the Second Circuit has warned that overhead alone is not a sufficient reason why certain attorneys should receive a higher or lower hourly rate, *McDonald ex rel. Pendergast v. Pension plan of the NYSA-ILA Pension*, 450 F.3d 91, 97 n. 6 (2d Cir. 2006), it is clear that the size of the firm is a valid consideration in setting the hourly rate.  The reason for this is because, in setting fees, the court must look to rates charged by firms that are comparably sized in the relevant market. *See Chambless*, 885 F.2d at 1059 (finding that "smaller firms may be subject to their own prevailing market rates"); *Simmonds v. New York City Dept. of Corr.*, 06 CIV. 5298 (NRB), 2008 WL 4303474 at *2 (S.D.N.Y. Sept. 16, 2008) ("In the course of determining the relevant market, the district court *'may* look to rates charged by those similarly situated,' including the rates of firms that are comparably sized." (quoting *Chambless*)).  Thus, courts typically award lower fees to smaller firms than those awarded to larger firms, often because smaller firms have less overhead than larger firms. *See, e.g., Algie v. RCA Global Communications, Inc.*, 891 F. Supp. 875, 895 (S.D.N.Y. 1994) (courts allow "higher compensable rates if represented by a larger firm, since such firms typically charge more per

15

hour to cover a higher overhead"), *aff'd*, 60 F.3d 956 (2d Cir. 1995); *Bick v. City of New York*, 95CIV.8781(KMW)(MHD), 1998 WL 190283 (S.D.N.Y. Apr. 21, 1998) ("if the movant is represented by a small or medium-sized firm, the appropriate rates are those typically charged by such firms, whereas a movant may obtain a higher hourly rate if represented by a large law firm, since such firms typically charge more per hour to cover a higher overhead"); *Williams v. City of New York*, 728 F. Supp. 1067, 1071 (S.D.N.Y. 1990) (concluding that "attorneys from a small firm, like that used by plaintiff, are not entitled to the same rate as those attorneys from large firms, where a variety of extra costs must be covered"); *Murray ex rel. Murray v. Mills*, 354 F. Supp. 2d 231, 236 (E.D.N.Y. 2005) ("The size of the firm representing a plaintiff seeking attorney's fees may also be considered a factor in determining a reasonable attorney's fee, primarily due to lower overhead costs").

In *Tlacoapa v. Carregal*, 386 F. Supp. 2d 362, 369-70 (S.D.N.Y. 2005), for example, the court rejected a request for an hourly rate of $375 per hour for attorneys from a small firm, noting that such rates were "usually reserved for attorneys in larger law firms" and did not reflect the prevailing market rate in counsel's relevant community, in part because small firms did not have the same overhead burden as large New York firms. Noting that an award for "seasoned" litigators in small firms is between $200 and $300 per hour in this district, the Court awarded rates of $250/hour for an attorney with twenty years of experience, $200/hour for nine years of experience, and $125/hour for three years of experience. *Id*. at 370.

As Relator's counsel's law firm employs only 23 attorneys, the Court is urged to consider rates charged by firms that are comparably sized and reduce the award accordingly. *See, e.g., Kahlil v. Original Old Homestead Rest., Inc.*, 657 F. Supp. 2d 470, 476 (S.D.N.Y. 2009) (awarding $400 per hour to a lawyer with 25 years of experience who was "well respected at the

16

bar" in light of the firm's small size, noting that a "recent survey of attorneys' fees awarded in this district found that within the last five years, courts have approved rates ranging from \$250 to \$425 per hour for work done by partners in small firms in this district") (internal quotation omitted).

### C. The Hourly Rate Should be Based on the Level of Experience over the Course of the Litigation, Not the Current Rate

Finally, although Relator's counsel are entitled to an award at current, rather than historical rates, this does not mean that the attorneys' current rate should be applied to all work performed during the course of the litigation. Rather, attorneys should receive fees based on their level of experience over the course of the entire litigation. *New York State Nat. Org. for Women v. Terry*, 94 F. Supp. 2d 465, 473 (S.D.N.Y. 2000) ("The Court agrees that plaintiffs' attorneys are not entitled to compensation based on their current positions. Instead, each attorney should receive fees based on the average of his or her level of experience over the course of the litigation"); *Kuper v. Empire Blue Cross & Blue Shield*, 99 CIV. 1190JSGMHD, 2003 WL 23350111 at *11 (S.D.N.Y. Dec. 18, 2003), *report and recommendation adopted,* 99-CV-1190, 2004 WL 97685 (S.D.N.Y. Jan. 20, 2004) (attorney "was arguably facing a steep learning curve during the early years of plaintiff's case and thus should not be compensated at the top rate for attorneys at his current experience level for the entire span of the litigation"); *Marisol A. ex rel. Forbes v. Giuliani*, 111 F. Supp. 2d 381, 387 n.2 (S.D.N.Y. 2000) (court acknowledged "that each attorney should receive fees based on the average of his or her level of experience over the course of the litigation, as opposed to their current level of experience"). Thus, the hourly rate awarded to a mid-level associate for work performed years ago as a junior associate should not be that awarded to mid-level associates, but rather the current rate applicable for a junior associate.

17

This has significance here; given the duration of the case and that much of the work by Relator's counsel was performed at a time when the attorneys were less experienced. This is particularly true for Messrs. Varga and Masters, as Mr. Varga was a second year associate when the complaint was filed and Mr. Masters was not admitted to practice law in New York until 2010. Thus, it would be inappropriate to charge defendants with the rate applicable to such attorneys' current level of experience for work performed when they were less experienced.

IV

## RELATOR'S COUNSEL IS NOT ENTITLED TO
## EXPENSES RELATED TO COMPUTER RESEARCH FEES

In his request for expenses, Relator includes $6732.24 for "westlaw." (Strauss Dec., Ex. B.) Because costs related to computer research are not recoverable as a separate expense unless normally billed to its paying clients, these costs ($6732.24) should be deducted from any fee award.

Although the Second Circuit has indicated that the use of online research services may be included in a fee award if such costs are normally billed to paying clients, *Arbor Hill*, 369 F.3d at 98, it is clear that the Court has discretion in awarding such costs where, as here, it is unclear if online research costs are normally billed to clients.

In *U.S. for Use & Benefit of Evergreen Pipeline Const. Co., Inc. v. Merritt Meridian Const. Corp.*, 95 F.3d 153, 173 (2d Cir. 1996), the court affirmed a denial in full of costs associated with Westlaw, reasoning that "computer research is merely a substitute for an attorney's time that is compensable under an application for attorneys' fees and is not a separately taxable cost." *See also Swiss Skies AG v. Air Luxor, S.A.*, 04 CIV. 9972 RJS KNF, 2010 WL 3219295 at *7 (S.D.N.Y. Aug. 13, 2010); *BD v. DeBuono*, 177 F. Supp. 2d 201, 209 (S.D.N.Y. 2001) ("Westlaw fees are simply an item of overhead, and as such should be built into the fees charged, rather than unbundled and reimbursed separately.") As Relator has not affirmatively stated that it normally bills clients for such costs, Noble Jewelry respectfully requests the Court deduct such costs from any fee award.

18

1417477-2

<u>Conclusion</u>

For the foregoing reasons, the fees, costs and expenses awarded to Relator should be

substantially reduced from those requested.

Dated: New York, New York
      October 7, 2011

OLSHAN GRUNDMAN FROME
ROSENZWEIG & WOLOSKY LLP

By: _____

Jeffrey A. Udell
Charles R. Fritch
*Attorneys for Defendants*
Park Avenue Tower
65 East 55th Street
New York, New York 10022
(212) 451-2300
judell@olshanlaw.com
cfritch@olshanlaw.com

19