UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------X
THE UNITED STATES OF AMERICA ex rel. KENNETH KARLIN,

Plaintiff,

-against-

NOBLE JEWELRY HOLDINGS LIMITED, DAVID G. LLC formerly known as CHAD ALLISON DESIGNS, LLC, CHAD ALLISON CORPORATION, NOBLE JEWELRY LIMITED and JOHN DOES 1-100,

Defendants.
-----------------------------------------------------X

**REPORT AND RECOMMENDATION**

08 Civ. 7826 (JGK)(KNF)

KEVIN NATHANIEL FOX
UNITED STATES MAGISTRATE JUDGE

TO THE HONORABLE JOHN G. KOELTL, UNITED STATES DISTRICT JUDGE

**INTRODUCTION**

Before the Court is a motion, made by Relator Kenneth Karlin ("the Relator") pursuant to 31 U.S.C. § 3730(d)(2), for reasonable attorneys' fees and costs incurred in this action based on the False Claims Act ("FCA"), 21 U.S.C. §§ 3729-3733. The Relator seeks: (i) $333,227.50, in reasonable attorney's fees; and (ii) $7,910.05, in costs. The defendants oppose the motion.

**BACKGROUND**

On September 5, 2008, the Relator commenced this qui tam action, alleging that the defendants engaged in a scheme to understate the value of the jewelry imported into the United States in order to reduce their import duties. On August 29, 2011, the United States filed a Notice of Election to Intervene and a Complaint-in-intervention. On the same date, your Honor approved: (1) a Stipulation and Order of Settlement and Release Between the United States and

the Relator; and (2) a Stipulation and Oder of Settlement and Dismissal. The instant motion for reasonable attorneys' fees and costs was filed on September 13, 2011.

***The Relator's Contentions***

The Relator is represented by a law firm, Kirby McInerney LLP ("Kirby"). In support of his motion, the Relator submitted: (a) a memorandum of law; (b) the declaration of Mark A. Strauss, a Kirby partner, with Exhibit A (a list of the names of attorneys and staff who worked on this matter, the number of hours expended and the hourly rates billed by the identified personnel, prepared "from contemporaneous daily time records regularly prepared and maintained by my firm, which are available at the request of the Court."), Exhibit B (a list of expenses, including those associated with Westlaw usage, telephone service, filing fees, transportation, Fedex usage and document retrieval activities), Exhibit C ("a brief biography of [Kirby] and attorneys [employed thereby] who were principally involved in this litigation"), and Exhibits D, E and F (newspaper articles concerning this action); and (c) the declaration of Sheldon V. Burman, "the principal of the Law Offices of Sheldon V. Burman, P.C.," with Exhibit 1 ( "Curriculum Vitae Law Offices of Sheldon V. Burman, P.C."). The Relator contends that the defendants are liable for all of his attorney's fees and expenses, including those in connection with the instant motion. According to the Relator, his attorneys "worked entirely on a contingent basis," and they "greatly contributed to a superior result – a treble recovery on behalf of the taxpayers." He explains that "Kirby is a mid-sized, New York based law firm with a nationwide, complex litigation practice," focusing in the areas of securities and antitrust class action litigation and litigating primarily in federal courts. He maintains that "Kirby also has considerable experience representing whistle-blowers under both the FCA and state law equivalents." The Relator "seeks an hourly rate of $600 for the partner level attorneys primarily

responsible for this case, Mr. Strauss and Mr. Burman." According to the Relator, "Mr. Strauss has been practicing law for 17 years, and has litigated numerous complex and class action cases which have resulted in the recovery of hundreds of millions of dollars for damaged victims," and "Mr. Burman is the head of his firm, which possesses a national reputation for class action litigation." The Relator contends that the "hourly rates sought with respect to the associates who worked on this matter are $375-$400," which "is in keeping with reasonable rates as determined by courts in this district."

The Relator maintains that the 706 hours expended prosecuting this case are reasonable, "given that the case was filed in 2008 and that the result was superior" and that his attorneys "worked efficiently and effectively," which is demonstrated by "numerous time-intensive tasks," including: extensive meetings with the Relator, extensive investigation of the legal and factual bases of his claims, the preparation of a complaint, the preparation of a disclosure statement, "[n]umerous meetings and communications with the Government and its investigators in order to assist them in conducting their investigation," legal research and preparation of legal memoranda "at the request of and for the Government," and "[c]onferring with the Government in connection with the negotiation of the settlement and the terms of the settlement papers." According to the Relator, his counsel "faced numerous difficulties and challenges" in this action, including determining "the relevant tariffs with respect to the importation of the specific type of goods in question and from the origin in question." Additionally, the Relator contends, he is entitled to $7,910.05 in expenses. The Relator contends that, in "accordance with Kirby's regular billing practices, the firm does not include any mark-up on expense; all expenses incurred by the firm in the course of litigation are billed in the amounts actually incurred."

***The Defendants' Contentions***

The defendants contend that the Relator's application must fail because it is not supported by the "records specifying any dates, hours expended, or details of work purportedly done by any individual lawyers," as required in this Circuit. Alternatively, the defendants contend, the hours expended should be reduced substantially because they "are excessive and unnecessary and some of the work is simply not compensable under the [FCA]." According to the defendants, "counsel seeks compensation primarily for drafting a 12-page complaint and compiling supporting documentation for a disclosure statement," since "there was no motion practice," or "even a single court hearing." The defendants maintain that "expending over 750 hours and incurring more than $340,000.00 in fees on this case is excessive" and "any fee award [should] be reduced to more accurately reflect the simplicity of this action." Moreover, counsel should not be reimbursed for time spent drafting legal memoranda for the government during the seal period, which is the period "during which the Government shall determine whether it chooses 'to intervene and proceed with the action.'" According to the defendants, "a relator's recompense for assistance provided by its counsel to the Government is to obtain from the Government an increase in its fractional share of the ultimate settlement proceeds," and "[i]f the relator were able to recover both a higher percentage of the settlement proceeds for assisting the Government, and the costs incurred in performing legal and investigative work on behalf of the Government, he effectively would be awarded a double recovery." The defendants maintain that the "FCA does not contemplate such a windfall for the relator for work done during the seal period." Furthermore, "counsel should not be reimbursed for time spent negotiating with the Government" because "nothing in the language of the FCA supports charging a qui tam defendant for fees incurred by a relator for negotiating the amount of the relator's share with the

Government."

The defendants contend that the hourly rates sought are excessive because: (i) counsel of comparable skill experience and reputation in the same practice area are compensated at a lower rate; (ii) the size of Kirby warrants a lesser rate; and (iii) the hourly rate should be based on the level of experience over the course of the litigation, not the current rate. The defendants maintain that counsel are not entitled to computer research expenses because "costs related to computer research are not recoverable as a separate expense unless normally billed to its paying clients, these costs ($6732.240) should be deducted from any fee award."

***The Relator's Reply***

In reply, the Relator submitted: (a) a memorandum of law; (b) a supplemental declaration by Mark A. Strauss with Exhibit A ("the Slip Detail Listing generated by Timeslips," documenting "hours billed by [Kirby] in this case."), Exhibit B ("a schedule reflecting [Kirby's] 2011 billing rates"), Exhibit C ("a revised and corrected schedule summarizing [Kirby's] loadstar in this case"), Exhibit D (an e-mail message), Exhibit E and F ("schedules of recent fee awards in this district"), Exhibit G ("a list of recent federal court fee awards granted to [Kirby]") and Exhibit H (an e-mail message); and (c) a supplemental declaration by Sheldon V. Burman, with Exhibit A ("LAWDEX daily time sheets completed by hand" of the hours expended on this action). The Relator contends that his supporting documentation is sufficient to support his fee application because he is permitted to submit "a detailed lodestar summary accompanied by a declaration stating that the summary was accurate and based on contemporaneous records." He maintains that his use of attorney experience in computing the lodestar is permissible because this is not a "protracted" case. According to the Relator, the supplemental information submitted in reply "verifies and further substantiates the information in the moving papers." The Relator

contends that the hourly rates and the hours expended are reasonable, and the time spent assisting the Government, including negotiating the settlement, is compensable. Moreover, the Relator is entitled to be reimbursed for Westlaw research expenses. Notwithstanding his submissions and contentions in reply, the Relator reduced his fee request as follows: (i) $313,671.25 in reasonable attorneys' fees; and (ii) $7,910.05 "in reasonably incurred expenses."

**DISCUSSION**

***Legal Standard***

In any action in which a qui tam plaintiff receives an award, "such person shall also receive an amount for reasonable expenses which the court finds to have been necessarily incurred, plus reasonable attorneys' fees and costs. All such expenses, fees, and costs shall be awarded against the defendant." 31 U.S.C. § 3730(d)(1). When exercising their discretion to determine the reasonableness of the attorney's fees, courts in this Circuit use the "presumptively reasonable fee" standard. Arbor Hill Concerned Citizens Neighborhood Ass'n v. County of Albany, 522 F.3d 182, 190 (2d Cir. 2008). The presumptively reasonable fee, also known as the lodestar, is "the product of a reasonable hourly rate and the reasonable number of hours required by the case." Millea v. Metro-North R.R. Co., 658 F.3d 154, 166 (2d Cir. 2011). In calculating the presumptively reasonable fee, a district court must consider, among others, the twelve factors articulated in Johnson v. Ga. Highway Express, Inc., 488 F.2d 714 (5th Cir. 1974). See Arbor Hill Concerned Citizens Neighborhood Ass'n, 522 F.3d at 190. Those factors are:

> (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the level of skill required to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the attorney's customary hourly rate; (6) whether the fee is fixed or contingent; (7) the time limitations imposed by the client or the circumstances; (8) the amount involved in the case and the results obtained; (9) the experience, reputation, and ability of the

> attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.
>
> Id. at 186-87 n.3.

Attorneys-fee awards include reasonable out-of-pocket expenses that are charged to clients ordinarily, such as photocopying, travel, telephone costs, postage and computerized research. See LeBlanc-Sternberg v. Fletcher, 143 F.3d 748, 763 (2d Cir. 1998).

A fee application that is not supported by evidence of "contemporaneous time records indicating, for each attorney, the date, the hours expended, and the nature of the work done" should be denied. New York State Ass'n for Retarded Children, Inc. v. Carey, 711 F.2d 1136, 1154 (2d Cir. 1983). The United States Court of Appeals for the Second Circuit emphasized that "Carey establishes a strict rule from which attorneys may deviate only in the rarest of cases"; thus, "[a]ttorney's fees [are] conditioned on contemporaneous records." Scott v. City of New York, 643 F.3d 56, 58 (2d Cir. 2011) (citations omitted).

"[R]eply papers may properly address new material issues raised in the opposition papers so as to avoid giving unfair advantage to the answering party." Bayway Refining Co. v. Oxygenated Mktg & Trading, 215 F.3d 219, 226-27 (2d Cir. 2000) (citation omitted). "Arguments may not be made for the first time in a reply brief." Knipe v. Skinner, 999 F.2d 708, 711 (2d Cir. 1993).

***Application of Legal Standard***

The Relator's motion is fatally deficient because he failed to submit any contemporaneous records when he filed his motion. Exhibit A, which the Relator contends is "a detailed summary[, through September 12, 2011,] indicating the amount of time spent by each attorney and professional staff of [Kirby] who was involved in this litigation, and the lodestar

calculation based on [Kirby]'s current billing rates," which were "prepared from contemporaneous daily time records," is a document prepared for the purposes of the instant motion and does not constitute contemporaneous records indicating the persons involved, the dates, the hours expended and the nature of the work done in this litigation.  Thus, the Court is unable to assess the reasonableness of the attorneys' fees requested without the contemporaneous records.  Similarly, Exhibit B, which lists Kirby's expenses "through September 12, 2011," a document prepared for the instant motion, does not constitute contemporaneous records of the expenses incurred in this litigation.  Accordingly, the Court cannot determine whether the expenses sought "have been necessarily incurred," as required by the statute.  See 31 U.S.C. § 3730(d)(1).

      No evidence is presented to the Court showing that this is the "rarest of cases" in which attorneys may deviate from the strict rule of Carey.  The Relator's contention that, instead of contemporaneous time records he may submit "a detailed loadstar summary accompanied by a declaration stating that the summary was accurate," is meritless and he provides no citation to any binding authority for this contention.  Moreover, the Relator's contention is disingenuous because Mark A. Strauss does not state in his declaration that the summary of the lodestar calculation in Exhibit A is accurate, and Sheldon V. Burman does not state in his declaration that his calculation of fees and expenses he seeks is accurate.  Due to the Relator's failure to submit counsel's contemporaneous records in support of his motion, the Court cannot ascertain the reasonableness of the requested attorneys' fees and expenses.

      The Relator attempted to cure this deficiency by submitting contemporaneous records and additional evidence in his reply.  However, it is improper for the Court to consider the Relator's evidence, including the contemporaneous records, submitted for the first time in reply,

because that evidence was not submitted in response to any new material issues raised by the defendants in their opposition brief.  The reply was not the Relator's first opportunity to provide evidence of contemporaneous records, based on which, as the Second Circuit has explained, any award of reasonable attorney's fees is conditioned.  See Scott, 643 F.3d at 58.  The evidence of the Relator's contemporaneous records should have been submitted in support of his motion when the motion was filed, so that the defendants could make an informed response to the motion, and the Court could have a basis upon which to determine the reasonableness of the requested attorneys' fees and expenses.  Considering the Relator's contemporaneous records—submitted for the first time in reply—would be fundamentally unfair to the defendants, because it would deprive them of an opportunity to respond.

Furthermore, in his reply," the Relator submits a revised lodestar summary," using "the billing-rate methodology advocated by defendants," in which "each attorney's rate has been determined based on their average level of experience over the time period they worked on the litigation," and which includes "the elimination of two erroneous time entries" and "the discretionary removal of eight hours of attorney time and 28.75 hours billed by a filing clerk who no longer works for the firm."  Although the Relator is entitled to respond to the defendants' opposition arguments in his reply, his contention that the summary lodestar calculation submitted originally on his motion included erroneous entries, demonstrates why the Carey contemporaneous records requirement is important; namely, it provides an opportunity for the opponent to challenge the fee application and the Court to apply the Johnson factors in analyzing the application.  Given that the Relator did not provide that opportunity to the defendants or the Court by failing to submit the contemporaneous records when he filed the motion, consideration of the Relator's evidence, submitted for the first time in reply, is not

warranted.

**RECOMMENDATION**

For the foregoing reasons, I recommend that the Relator's motion for attorneys' fees, costs and expenses, Docket Entry No. 22, be denied, without prejudice.

**FILING OF OBJECTIONS TO THIS REPORT AND RECOMMENDATION**

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from service of this Report to file written objections. See also Fed. R. Civ. P. 6. Such objections, and any responses to objections, shall be filed with the Clerk of Court, with courtesy copies delivered to the chambers of the Honorable John G. Koeltl, 500 Pearl Street, Room 1030, New York, New York, 10007, and to the chambers of the undersigned, 40 Centre Street, Room 540, New York, New York, 10007. Any requests for an extension of time for filing objections must be directed to Judge Koeltl. ***Failure to file objections within fourteen (14) days will result in a waiver of objections and will preclude appellate review***. See Thomas v. Arn, 474 U.S. 140, 106 S. Ct. 466 (1985); Cephas v. Nash, 328 F.3d 98, 107 (2d Cir. 2003).

Dated: New York, New York
April 9, 2012

Respectfully submitted:

KEVIN NATHANIEL FOX
UNITED STATES MAGISTRATE JUDGE

warranted.

**RECOMMENDATION**

For the foregoing reasons, I recommend that the Relator's motion for attorneys' fees, costs and expenses, Docket Entry No. 22, be denied, without prejudice.

**FILING OF OBJECTIONS TO THIS REPORT AND RECOMMENDATION**

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from service of this Report to file written objections. See also Fed. R. Civ. P. 6. Such objections, and any responses to objections, shall be filed with the Clerk of Court, with courtesy copies delivered to the chambers of the Honorable John G. Koeltl, 500 Pearl Street, Room 1030, New York, New York, 10007, and to the chambers of the undersigned, 40 Centre Street, Room 540, New York, New York, 10007. Any requests for an extension of time for filing objections must be directed to Judge Koeltl. ***Failure to file objections within fourteen (14) days will result in a waiver of objections and will preclude appellate review***. See Thomas v. Arn, 474 U.S. 140, 106 S. Ct. 466 (1985); Cephas v. Nash, 328 F.3d 98, 107 (2d Cir. 2003).

Dated: New York, New York
April 9, 2012

Respectfully submitted:

Kevin Nathaniel Fox

KEVIN NATHANIEL FOX
UNITED STATES MAGISTRATE JUDGE